## SUPREME COURT.

### SMITH AND FITCH agt. JOHNSON.

The judge who makes an order appointing a referee to examine as to the property of a judgment debtor under § 209 of the Code, is *the judge* to whom the referee must certify his examination, and the one who must make the order for the appointment of a receiver. No other judge, out of court, has the power.

And this applies to county judges who make such orders.

*At Chambers, July* 1852. Motion for the appointment of a receiver upon the examination taken by the referee and certified under an order made by the county judge in proceedings supplementary to the execution. It was objected that the application should be made to the county judge who granted the order, and that no other judge had any authority under the provisions of the Code to make the appointment.

F. C. DINNINY, *for Plaintiffs.*

GEO. B. BRADLEY, *for Defendants.*

JOHNSON, Justice.—The objection is well taken. By referring to the Code (§ 292), it will be seen that in a case like this, the creditor after the return of execution unsatisfied, " is entitled to an order from a judge of the court," requiring the debtor to appear and answer concerning his property. By § 296, the party or witness may be required to attend before *the judge,* or before a referee appointed by *the court or judge ;* and if before a referee, the examination shall be taken by the referee and certified to *the judge.*

By § 398, *the judge* may also by order appoint a receiver of the property of the judgment debtor. This clearly refers to the judge who granted the order, and before whom the examination was conducted or to whom it was certified by the referee. The referee is to certify the examination to the judge who grants the order. No other judge out of court has any authority or jurisdiction to appoint a receiver or make any order in the proceeding.

It is a power given by statute to *the judge,* and not to a judge or any judge (Merritt agt. Slocum, 6 *How. Pr. R.* 350).

Motion denied.